IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL RAY ADKINS, § | | |
| TDCJ #311628, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-3842 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

State inmate Darrell Ray Adkins (TDCJ #311628) has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction and the calculation of his sentence. At the Court's request, Adkins has provided a supplement to his pleadings about whether his petition was timely filed and whether his claims were properly exhausted in the state courts. (Doc. # 8). The respondent has answered with a motion for summary judgment, arguing that the petition must be dismissed. (Doc. # 14). Adkins has not filed a reply and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.      BACKGROUND**

According to the state court records, a Harris County grand jury returned an indictment against Adkins in cause number 317373, charging him with burglary of a

habitation with intent to commit rape. Adkins pleaded guilty to those charges on September 8, 1980, in the 228th District Court of Harris County, Texas. In doing so, Adkins stipulated in writing that, on the date alleged in the indictment, he did enter a habitation, without the owner's effective consent, with intent to rape the complainant. The trial court accepted the plea, found Adkins guilty as charged, and sentenced him to twelve years' imprisonment.

Adkins's conviction was affirmed on direct appeal in an unpublished opinion. *See Adkins v. State*, No. 14-81-0285-CR (Tex. App. — Houston [14th Dist.] Aug. 4, 1983). Thereafter, the Texas Court of Criminal Appeals refused Adkins's petition for discretionary review on January 18, 1984. Adkins did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

Adkins filed the pending federal petition for a writ of habeas corpus on November 28, 2006.[1] In this petition, Adkins maintains that he is entitled to relief from his 1980 conviction for the following reasons: (1) his guilty plea was not knowingly made; (2) his conviction was obtained in violation of the privilege against self-incrimination; and (3) he was denied effective assistance of counsel on appeal. In a separate claim, Adkins contends that prison officials incorrectly calculated his sentence following the revocation of his parole. Adkins reports that he was released on parole three times following his conviction in 1980, only to

---

[1]   Although the Clerk's Office recorded the petition as filed on December 4, 2006, Adkins executed the petition on November 28, 2006, indicating that he placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Accordingly, the petition is presumed filed on November 28, 2006.

have his parole revoked each time. Adkins was released initially in 1984. A parole violation warrant issued on October 9, 1987, and was executed on July 2, 1993. Adkins's first release on parole was revoked thereafter on July 21, 1993. Adkins was released on parole a second time on September 20, 1994. A parole violation warrant issued on July 24, 1995, and was executed on September 13, 2002. Adkins's second release on parole was revoked on December 4, 2002. Adkins was released on parole a third time on December 31, 2004. A parole violation warrant issued on June 14, 2006, and was executed on June 23, 2006. Adkins's third release on parole was revoked on August 7, 2006. Atkins appears to argue that, following the revocation of his parole, prison officials failed to award him credit for a sentence that he served following an unrelated conviction in Tennessee and for the time that he otherwise spent out of physical custody. Accordingly, Atkins demands his immediate release.

The respondent has filed a motion for summary judgment, arguing that any challenge to Adkins's 1980 conviction must be dismissed because it is barred by the governing one-year statute of limitations. The respondent argues further that Adkins's remaining challenge to the calculation of his sentence must be dismissed as untimely and unexhausted. The parties' contentions are discussed below, beginning with Adkins's challenge to his 1980 conviction and the applicable one-year statute of limitations.

## II. DISCUSSION

### A. Adkins's Challenge to his 1980 Conviction

The respondent maintains that Adkins's challenge to his 1980 conviction is barred by the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

To the extent that Adkins challenges his 1980 state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Adkins's 1980 conviction for burglary of a habitation with intent to commit rape has been final since 1984. Habeas petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). Therefore, Adkins had until April 24, 1997, to file his federal writ. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Adkins's pending petition, filed on November 28, 2006, is late by well over eight years.

4

Adkins does not allege or show that any statutory or equitable exception applies and the record fails to disclose a reason to toll the limitations period. Absent a valid basis to toll the statute of limitations in this case, Adkins's challenge to his 1980 conviction is barred by 28 U.S.C. § 2244(d)(1)(A). The respondent is entitled to summary judgment on this issue.

**B.     Adkins's Challenge to the Calculation of His Sentence**

Adkins's remaining claim is that he is entitled to his immediate release from custody because prison officials incorrectly calculated his sentence following the revocation of his parole. As noted above, Adkins was released on parole three times, only to have that parole revoked in 1993, 2002, and again in 2006. The respondent argues that any challenge by Adkins to the calculation of his sentence following his parole revocations in 1993 and 2002, is barred by the applicable one-year statute of limitations. The respondent argues that any complaint by Adkins about the calculation of his sentence following his third parole revocation in 2006 must be dismissed because he failed to exhaust available state court remedies.

The record confirms, and Adkins does not dispute, that the statute of limitations bars any challenge to the calculation of his sentence following his 1993 and 2002 parole revocation proceedings. In that respect, the statute of limitations regarding Adkins's challenge to his sentence runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, the one-year limitations period for these claims expired, at the latest, in 2003. Adkins's federal petition, dated November 28, 2006, is well outside the

5

one-year statute of limitations governing such claims and he has not demonstrated that he is entitled to any tolling of the limitations period in this case.

With regard Adkins's 2006 parole revocation, Adkins does not allege or show that he attempted to exhaust available state court remedies with respect to any challenge to the calculation of hi sentence. State court records provided by the respondent confirm that Adkins did not present any challenge to the calculation of his sentence after his parole was revoked in 2006. Accordingly, Adkins's challenge to the calculation of his sentence following his 2006 parole revocation is subject to dismissal under 28 U.S.C. § 2254(b) as unexhausted.

Alternatively, Adkins cannot show that he is entitled to the relief that he requests from his sentence calculation for another reason. The record reflects that Adkins's challenge to the calculation of his sentence has become moot because he has been released from the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). When Adkins filed his federal habeas corpus petition on November 28, 2006, he was in custody at TDCJ's Price Daniel Unit. (Doc. # 1). Adkins subsequently advised the Clerk's Office that he was released from TDCJ on the form of parole known as mandatory supervision on June 12, 2007, to a half way house facility in Houston, Texas. (Doc. # 13). Since that time, court correspondence to Adkins has been returned marked "undeliverable," indicating that he is no longer at that facility. Adkins has not filed any reply to the respondent's motion for summary judgment even though a copy was provided to him at his

6

last known address of record. Thus, it appears that Atkins has abandoned his claim.[2] In addition, it further appears that Adkins's release on parole has rendered his challenge to the calculation of his sentence moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

Under the federal habeas corpus statute 28 U.S.C. § 2254(a), petitions filed while the petitioner is still in physical custody continue in force after the petitioner is released on parole. *See Mabry v. Johnson*, 467 U.S. 504, 507 n.3 (1984); *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). Because Adkins filed the pending habeas corpus petition while he was still incarcerated, his release on parole does not, standing alone, cause the petition to become moot. In that regard, the issue of whether Adkins is "in custody" for purposes of federal

---

[2] Adkins was informed in the Court's order dated February 27, 2007, that he must file a reply to any answer or dispositive motion filed by the respondent within thirty days of the date shown on the respondent's certificate of service. (Doc. # 9, ¶ 6). Adkins was instructed that any failure to respond within the time allowed could result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. (*See id.*). To date, Adkins has not filed a response within the time allowed and he has not otherwise attempted to comply.

habeas corpus review is separate from the question of whether a case or controversy exists under Article III. *See Port v. Heard*, 764 F.2d 423, 426 (5th Cir. 1985) (explaining that the "in custody" requirement is "analytically distinct" from the case-or-controversy requirement found in Article III).

A challenge to the validity of a conviction satisfies the Article III case-or-controversy requirement because the incarceration, or the restrictions imposed by the terms of parole, constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. *See Spencer*, 523 U.S. at 7; *see also Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Sibron v. New York*, 392 U.S. 40, 55 (1968). By contrast, where a petitioner challenges only the administration of his sentence, and not his conviction, there is no presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once he has been released. *See Lane v. Williams*, 455 U.S. 624 (1982). In other words, when a petitioner does not attack his conviction, continuing collateral consequences required to demonstrate a concrete injury are not presumed and, therefore, must be proven. *See Spencer*, 523 U.S. at 14; *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir.), *cert. denied*, 525 U.S. 938 (1998).

Although Adkins's petition does attempt to attack his underlying 1980 conviction, that challenge is barred by the statute of limitations for reasons set forth above. Adkins's only remaining claim challenges the administration of his sentence. Because Adkins has been released, he cannot show that an actionable controversy continues in this case. In other words, there is no longer anything for this Court to remedy. Absent a case or controversy,

this Court no longer has jurisdiction to consider Adkins's challenge to the calculation of his sentence. Accordingly, for this alternative reason, the Court concludes that these claims must be dismissed as moot.

### III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

### IV. CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 14) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  August 13th , 2007.

_____
Nancy F. Atlas
United States District Judge